

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| MASAYO SEKIYA, SOLA YOON, ALMA VICENCIO and JALLYN SUNRISE DE LEON individually and on behalf of all others similarly situated, | Case No: |
| Plaintiffs, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| -against- | |
| DEVA INC. A/K/A TOD'S, | |
| Defendant. | |

## INTRODUCTION

Plaintiffs MASAYO SEKIYA, SOLA YOON, ALMA VICENCIO and JALLYN SUNRISE DE LEON, on behalf of themselves and all others similarly situated, by their undersigned attorneys, allege, upon personal knowledge as to themselves and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.       This is a lawsuit to recover unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq., ("FLSA"), the New York Labor Law, Article 19, §§ 650 et. sec. ("NYLL"), and the supporting New York State Department of Labor regulations, on behalf of Defendant's current and former sales associates.

2.       Defendant owns and operates a  high-end leather goods store on Madison Avenue in New York City. Defendant employed Plaintiffs and dozens of other current and former sales associates as sales associates, all of whom were non-exempt and subject to the overtime provisions of the FLSA, the NYLL and the supporting New York State Department of Labor regulations.

3.       Pursuant to 29 U.S.C. §216(b), Plaintiffs seek to represent a collective action

under the FLSA consisting of "all current and former sales associates who were employed by Defendant in any workweek from April 1, 2012 forward, and who were not compensated at one and one half their regular rate of pay for all hours worked over 40 in any workweek during this time period" (the "Putative Collective Action Members").

4.      Plaintiffs also bring this action on behalf of themselves to remedy violations of the NYLL.

5.      Plaintiffs and the Putative Collective Action Members were paid fixed salaries and set commissions for all or part the time they worked for Defendant. Although Plaintiffs regularly worked more than 40 hours per week, this amount remained the same.

6.      Plaintiffs and the Putative Collective Action Members were not"exempt" from the FLSA or NYLL.

7.      In addition, even when Defendant recently began paying Plaintiffs and the Putative Collective Action Members overtime pay, Defendant did not pay them properly. Although the FLSA requires commissions to be included within the regular rate of pay for the purpose of determining overtime pay, Defendant did not include commissions earned by Plaintiffs and the Putative Collective Action Members in calculating their regular rates of pay during their employment with Defendant.

8.      Defendant has thus willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to properly record, credit, and compensate Plaintiffs and the Putative Collective Action Members for work which Defendant effectively required and/or permitted them to work in excess of 40 hours per week.

9.      Defendant's pattern, practice and policy of requiring or permitting overtime work

2

without properly compensating its employees for same violated its employees' rights under the FLSA and New York law.

10.     Plaintiffs also bring this action, on behalf of themselves, to remedy violations of the NYLL , including NYLL §215(l)(a) and 12NYCRR § 142-2.2. Plaintiffs seek compensatory damages, interest, reasonable attorneys' fees, liquidated damages and all other appropriate legal and equitable relief, pursuant to the NYLL.

11.     Plaintiffs have consented, in writing, to be part to this action, pursuant to 29 U.S.C. §216(b). (See Consent forms annexed as Exhibit "A").

## JURISDICTION AND VENUE

12.     This Court has original federal question jurisdiction over Plaintiffs' FLSA claims because this case is brought pursuant to the FLSA. This Court has supplemental jurisdiction over the NYLL claims as they are so related to the claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13.     Venue is proper within this District pursuant to 28 U.S.C. § 1391, because the Defendant does business in, and accordingly resides in, this District and because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this District.

## THE PARTIES

14.     Plaintiff Masayo Sekiya resides in the County of Kings in the State of New York. She was employed by Defendant as a full-time sales associate from in or about February 2010 until November 2014, approximately.

15.     Plaintiff Sola Yoon resides in the County of Kings in the State of New York. She

3

was employed by Defendant as a sales associate from in or about November 2010 until

February 2014, approximately.

      16.     Plaintiff Alma Vicencio resides in the County of Kings in the State of New York.

She was employed by Defendant as a sales associate from in or about June 2012 until

October 2013, approximately.

      17.     Plaintiff Jallyn Sunrise de Leon resides in the County of Kings in the State of New

York. She was employed by Defendant as a sales associate from in or about May 2011 until

August 2013, approximately.

      18.     Defendant Deva Inc. a/k/a TOD's ("Defendant") is a New York corporation with

an office at 450 West 15th Street, New York, New York, which owns and operates a retail leather

goods store know as  TOD'S located at 650 Madison Avenue, New York, New York.

      19.     At all relevant times, Defendant has been, and continues to be, an "employer"

engaged in interstate "commerce", and/or in the "production of goods" for "commerce", within

the meaning of 29 U.S.C. § 203 and the NYLL . At all relevant times, Defendant has

employed "employee[s]", including Plaintiffs and each of the FLSA Collective Plaintiffs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

      20.     Plaintiffs bring the First Cause of Action as a collective action pursuant to FLSA

§216(b), on behalf of themselves and all current and former sales associates employed by

Defendant at its 650 Madison Avenue location on or after the date that is three years before the

filing of the Complaint in this case (the "Putative Collective Action Members"). All of said

persons, including Plaintiffs, are referred to herein as the "Putative Collective Action Members".

      21.     At all relevant times. Plaintiffs and the Putative Collective Action Members are

and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay them at least one-and-one-half times their regular rates of pay for work in excess of forty hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other Putative Collective Action Members.

22.     The First Cause of Action is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA. The Putative Collective Action Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the Putative Collective Action Members via first class mail to the last addresses known to Defendant.

## FACTUAL ALLEGATIONS

23.     Plaintiffs and the Putative Collective Action Members worked for Defendant as sales associates. They were assigned to work at Defendant's store located at 650 Madison Avenue, New York, New York.

24.     Plaintiffs and the Putative Collective Action Members primary work duties included selling the Defendant's high-end shoe and leather products, providing customer service by helping customers select and try on shoes and other leather product, operating the store's cash register and setting up, maintaining, cleaning, opening and closing Defendant's retail store location.

25.     Plaintiffs and the Putative Collective Action Members were normally scheduled to work for Defendant five days a week, although during busy holiday seasons they sometimes

5

worked six days a week. They were normally assigned to work a nine-hour day shift either from 9:30 AM to 6:30 PM or 10:30 to 7:30 PM, which ostensibly included a one-hour lunch break and resulted in a 40-hour work week.  However, during each week they were employed, Plaintiffs and the Putative Collective Action Members worked through lunch nearly every day-to deal with customers who came in and had to be immediately attended to- and regularly worked past the end of their scheduled shifts to clean up the store, prepare it for opening the next day, to take inventory and other associated tasks. Plaintiffs and the Putative Collective Action Members worked an average of 45 hours per week on each regular week they employed by the Defendant.

26.     In addition, throughout their employment with Defendant each of the Plaintiffs and the Putative Collective Action Members worked extra hours on certain occasions such as when Defendant took inventory at least twice each year, on yearly "Fashion Night Out", during quarterly product knowledge meetings and during busy holiday seasons. For example, in the weeks around Memorial Day, July Fourth, Thanksgiving and Christmas, Plaintiffs and the Putative Collective Action Members were required to work extra hours to accommodate increased customer traffic. Thus, in addition to the average 45-hour work week, each of the Plaintiffs estimate based on their recollection that they and the Putative Collective Action Members worked approximately an additional 40 hours per year.

27.     Defendant paid Plaintiffs and the Putative Collective Action Members weekly salaries, upon information and belief ranging from approximately $480 to $1200 per week, plus a 4% sales commission. The weekly salaries did not increase when Plaintiffs and the Putative Collective Action Members worked more than 40 hours in a week.

28.     This resulted in Plaintiffs and the Putative Collective Action Members working

6

more than 40 hours a week without being paid their earned overtime.

## PLAINTIFFS' INDIVIDUAL FACTUAL ALLEGATIONS

29.     Plaintiff Masayo Sekiya was employed by Defendant as a full-time sales associate from in or about February 2010 until November 2014, approximately.

30.     From February 2010 when she began working as a full-time sales associate until approximately November 2014, Ms. Sekiya worked an average of approximately 45 hours each regular work week.

31.     From February 2010 until November 2014 Ms. Sekiya worked a shift of either 9:30 AM to 6:30 PM or 10:30 to 7:30 PM, normally 5 days per week but sometime 6 days per week.

32.     Although Ms. Sekiya's shifts ostensibly included a one-hour lunch break, Ms. Sekiya worked through lunch nearly every day that she was employed by the Defendant, resulting in an average 45 hour workweek in a regular week.

33.     In addition, from February 2010 until November 2014, Ms. Sekiya estimates based on her recollection that she worked an additional approximate 40 hours each year she was employed by Defendant. These hours consisted of extra hours worked on certain occasions such as when Defendant took inventory twice each year, on yearly "Fashion Night Out", during quarterly product knowledge meetings and during busy holiday seasons. For example, in the weeks around Memorial Day, July Fourth, Thanksgiving and Christmas, Ms. Sekiya was required to work extra hours to accommodate increased customer traffic.

34.     Ms. Sekiya received a fixed weekly salary of $532.45 plus commission and she

was not additionally compensated for hours worked in excess of 40 in a week..

35.     Ms. Sekiya estimates that she worked approximately 290 hours of overtime for each 52-week period that she was employed by Defendant.

36.     Plaintiff Sola Yoon was employed by Defendant as a sales associate from in or about November 2010 until February 2014, approximately.

37.     From November 2010 when she began working as a sales associate until approximately February 2014, Ms. Yoon worked an average of approximately 45 hours each regular work week.

38.     From February 2010 until November 2014 Ms. Yoon worked a shift of either 9:30 AM to 6:30 PM or 10:30 to 7:30 PM, normally 5 days per week but sometime 6 days per week.

39.     Although Ms. Yoon's shifts ostensibly included a one-hour lunch break, Ms. Yoon worked through lunch nearly every day that she was employed by the Defendant, resulting in an average 45 hour workweek on a regular week.

40.     In addition, from November 2010 until February 2014, Ms. Yoon estimates based on her recollection that she also worked an additional approximate 40 hours each year she was employed by Defendant. These hours consisted of extra hours worked on certain occasions such as when Defendant took inventory twice each year, on yearly "Fashion Night Out", during quarterly product knowledge meetings and during busy holiday seasons. For example, in the weeks around Memorial Day, July Fourth, Thanksgiving and Christmas, Ms. Yoon was required to work extra hours to accommodate increased customer traffic.

41.     Ms. Yoon received a fixed weekly salary of $480.77 plus commission in 2010 and

2011 and she was not additionally compensated for hours worked in excess of 40 in a week. Her weekly salary was increased to $528.85 in 2012 and $580.67 in 2013 but she still was not properly compensated for her overtime hours.

42.    Ms. Yoon estimates that she worked approximately 290 hours of overtime for each 52-week period that she was employed by Defendant.

43.    Plaintiff Alma Vicencio was employed by Defendant as a sales associate from in or about June 2012 until October 2013, approximately.

44.    From June 2010 when she began working as a sales associate until approximately October 2013, Ms. Vicencio worked an average of  approximately 45 hours each regular work week.

45.    From February 2010 until November 2014 Ms. Vicencio worked a shift of either 9:30 AM to 6:30 PM or 10:30 to 7:30 PM, normally 5 days per week but sometime 6 days per week.

46.    Although Ms. Vicencio's shifts ostensibly included a one-hour lunch break, Ms. Vicencio worked through lunch nearly every day that she was employed by the Defendant, resulting in an average 45 hour workweek on a regular week.

47.    In addition, from in or about June 2012 until October 2013, Ms. Vicencio also worked an additional approximate 40 hours each year she was employed by Defendant. These hours consisted of extra hours worked on certain occasions such as when Defendant took inventory twice each year, on yearly "Fashion Night Out", during quarterly product knowledge meetings and during busy holiday seasons. For example, in the weeks around Memorial Day, July Fourth, Thanksgiving and Christmas, Ms. Vicencio was required to work extra hours to

accommodate increased customer traffic.

48.     Ms. Vicencio received a fixed weekly salary of $634.62 weekly plus commission and she was not additionally compensated for hours worked in excess of 40 in a week.

49.     Ms. Vicencio estimates that she worked approximately 290 hours of overtime for each 52-week period that she was employed by Defendant.

50.     Plaintiff Jallyn Sunrise de Leon was employed by Defendant as a sales associate from in or about May 2011 until August 2013, approximately.

51.     From May 2010 when she began working as a sales associate until approximately August 2013, Ms. de Leon worked an average of approximately 45 hours each regular work week.

52.     From May 2010 until August 2013 Ms. de Leon worked a shift of either 9:30 AM to 6:30 PM or 10:30 to 7:30 PM, normally 5 days per week but sometime 6 days per week.

53.     Although Ms. de Leon's shifts ostensibly included a one-hour lunch break, Ms. de Leon worked through lunch nearly every day that she was employed by the Defendant, resulting in an average 45 hour workweek on a regular week.

54.     In addition, From May 2010 until August 2013, Ms. de Leon also worked an additional approximate 40 hours each year she was employed by Defendant. These hours consisted of extra hours worked on certain occasions such as when Defendant took inventory twice each year, on yearly "Fashion Night Out", during quarterly product knowledge meetings and during busy holiday seasons. For example, in the weeks around Memorial Day, July Fourth, Thanksgiving and Christmas, Ms. de Leon was required to work extra hours to accommodate increased customer traffic.

55.     Ms. de Leon received a fixed weekly salary of $615.38 plus commission and she was not additionally compensated for hours worked in excess of 40 in a week..

56.     Ms. de Leon estimates that she worked approximately 290 hours of overtime for each 52-week period that she was employed by Defendant.

## FAILURE TO INCLUDE COMMISSIONS IN REGULAR RATE OF PAY

57.     In or around June 2013 Defendant acknowledged that it was not properly paying Plaintiffs and began paying Plaintiffs what it characterized as "overtime" in addition to the fixed salary and commissions.

58.     However, in addition to failing to pay Plaintiffs and the Putative Collective Action Members for their hours in excess of 40 per week as alleged above, even when Defendant did pay overtime premiums to Plaintiffs and the Putative Collective Action Members, it paid them at the wrong overtime rate.

59.     The FLSA requires that employers, like Defendant, pay its employees for hours worked over 40 in a week "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C.§207(a)(l).

60.     The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee... ." 29 U.S.C. §207(e).

61.     Commissions are wages and count as compensable remuneration for purposes of calculating an employee's regular rate of pay.

62.     Failure to include commissions in the regular rate of pay is a violation of the FLSA.

63.     Specifically, 29 C.F.R. §778.117 provides as follows:

Commissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and must be included in the regular rate. This is true regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission. It does not matter whether the commission earnings are computed daily, weekly, biweekly, semimonthly, monthly, or at some other interval. The fact that the commission is paid on a basis other than weekly, and that payment is delayed for a time past the employee's normal pay day or pay period, does not excuse the employer from including this payment in the employee's regular rate.

64.    Defendant willfully failed to pay Plaintiffs and the Putative Collective Action Members, "at a rate not less than one and one-half times the[ir] regular rate of pay" for all of the hours they worked in excess of 40 hours a week, as required by the FLSA and NYLL by failing to include the commissions earned by Plaintiffs and the Putative Collective Action Members in calculating the overtime rate.

65.    Upon information and belief, Defendant knew of, and /or showed reckless disregard for, the practices by which Plaintiffs and the Putative Collective Action Members were not paid proper overtime premiums for all hours they worked in excess o f 40 hours in a week. Upon information and belief, Defendant knew that the failure to pay proper overtime premiums would economically injure Plaintiffs and the Putative Collective Action Members and that it violated the FLSA and the NYSLL.

66.    Defendant committed the foregoing acts knowingly, intentionally and willfully against Plaintiffs and the Putative Collective Action Members.

67.    As a direct and proximate result of Defendant's unlawful conduct, as set forth

herein, Plaintiffs and the Putative Collective Action Members sustained damages.

### FIRST CAUSE OF ACTION
(FLSA Overtime Violations, 29 U.S.C. § 207 -Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective)

68.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

69.     Throughout the statute o f limitations period covered by these claims, Defendant was and continues to be an "employer" engaged in interstate commerce within the meaning of the FLSA and employed Plaintiffs and each Putative Collective Action Member.

70.     At all relevant times. Plaintiffs and the Putative Collective Action Members regularly worked in excess of 40 hours per workweek.

71.     At all relevant times. Defendant operated under a policy and practice of failing to pay proper overtime compensation to Plaintiffs and the Putative Collective Action Members for all of the hours they worked in excess of 40 hours per week, and demanded, encouraged, allowed, and/or knowingly permitted Plaintiffs and the Putative Collective Action Members to work in excess of 40 hours per week.

72.     At all relevant times, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Putative Collective Action Members at the required overtime rate of one-and-one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

73.     Plaintiffs, on behalf of themselves and the Putative Collective Action Members, seek damages in the amount of their respective unpaid overtime compensation, liquidated

damages as provided by the FLSA for overtime violations, interest, attorneys' fees and costs and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
(NYLL Overtime Violations, N.Y. Comp. Codes R. & Regs. Titl. 12, §142-2.2 -Brought by Plaintiffs Individually)

74.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

75.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty hours in any workweek.

76.     At all relevant times, Defendant operated under a policy and practice of failing to pay proper overtime compensation to Plaintiffs for all of the hours they worked in excess of 40 hours per week, and demanded, encouraged, allowed, and/or knowingly permitted Plaintiffs to work more than 40 hours per week.

77.     At all relevant times. Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs at the required overtime rate of one-and-one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

78.     Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the NYLL , attorneys' fees and costs, pre and post judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE , Plaintiffs pray for relief as follows:

(a) A Declaration that Defendant has violated the FLSA and other applicable laws;

(b) Designation of this action as a collective action on behalf of the Putative Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitted them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(c) Designation of Plaintiffs as Representatives of the FLSA Collective Action Members;

(d) Designation of Plaintiffs' Counsel as Class Counsel for the FLSA Collective Action Members;

(e) An award of damages, according to proof, including the FLSA and NYLL liquidated damages, to be paid by Defendant;

(f) Penalties available under applicable laws;

(g) Costs of action incurred herein, including expert fees;

(h) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

(i) Pre-judgment and post-judgment interest, as provided by law; and

(j) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. Civ. P. 38(b), Plaintiffs demands a trial by jury on all questions of

fact raised by the Complaint.


Dated: Lake Success, New York
       March 25, 2015

                                   Yours, etc.

                                   VISHNICK MCGOVERN MILIZIO LLP

                                   By:    Avrohom Gefen
                                        Andrew A. Kimler
                                   3000 Marcus Avenue, Suite 1E9
                                   Lake Success, New York 11042
                                   (516) 437-4385
                                   agefen@vmmlegal.com
                                   akimler@vmmlegal.com

16

# "EXHIBIT A"

Exhibit A

## PLAINTIFF CONSENT FORM
*Sekiya et al. v. Deva, Inc. et al.*

I hereby consent to join the lawsuit against Deva, Inc., et al., to assert claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

I hereby designate Vishnick McGovern Milizio LLP to represent me in this suit.

_____
Signature

MASAYO    SEKIYA
Print Name

113 JEWEL ST. #2R
Address

BROOKLYN, NY 11222
City, State, Zip Code

## PLAINTIFF CONSENT FORM
*Sekiya et al. v. Deva, Inc. et al*

I hereby consent to join the lawsuit against Deva, Inc., et al., to assert claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

I hereby designate Vishnick McGovern Milizio LLP to represent me in this suit.

Signature

Sota Yoon
Print Name

695 4th Avenue
Address

Brooklyn NY 11232
City, State, Zip Code

# PLAINTIFF CONSENT FORM
### Salazar et al. v. Dova, Inc., et al.

I hereby consent to join the lawsuit against Dova, Inc., et al., to assert claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

I hereby designate Virlanch McKeever Milburn LLP to represent me in this suit.

_____
Signature

JUMA    MULENGA
_____
Print Name

202 Eldert St     3rd 265
_____
Address

Brooklyn, NY    11207
_____
City, State, Zip Code

## PLAINTIFF CONSENT FORM
*Sekiya et al. v. Deva, Inc. et al.*

I hereby consent to join the lawsuit against Deva, Inc., et al., to assert claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

I hereby designate Vishnick McGovern Milizio LLP to represent me in this suit.

_____
Signature

Jallyn Sunrise de Leon
Print Name

197 N. 6th Street #1
Address

Brooklyn, NY 11211
City, State, Zip Code